WEGE, Appellant, vs. BOEHM and others, Respondents.

*May 6—June 3, 1924.*

*Reformation of lease: Omitted description: Evidence: Sufficiency.*

Testimony that lands which a plaintiff lessor agreed to lease to
    defendants for a dance hall extended "about to that point,"
    or "about to that tree," is *held* insufficient to show a meeting
    of the minds of the parties on any definite piece of land, and
    was therefore insufficient to support a judgment reforming
    · the lease.  p. 220.

APPEAL from a judgment of the circuit court for Shaw-
ano county: EDGAR V. WERNER, Circuit Judge. *Reversed,*
*with directions.*

On and before the 24th day of July, 1922, the plaintiff
was the owner of premises, about one and one-half acres
in extent, in the village of Pella. Prior thereto she, or her
husband, or both, had operated a dance hall located on
said premises, but which dance hall had been destroyed.
A short time prior to said July 24th defendants *Boehm,*

*Sengstock,* and *Grimm* had entered into an agreement to build, maintain, and operate a dance hall in said village of Pella. The site on which said dance hall was to be built had not been agreed upon. They conceived the idea of taking Martin Wege, plaintiff's husband, into the enterprise as a partner with them, securing a lease of the premises on which the Wege dance hall had stood, and erecting their proposed dance hall on the site of the old Wege dance hall.

On the morning of July 24th the defendant *Sengstock* called at the Wege home and broached the proposition to Martin Wege. The latter agreed to become a partner in the enterprise, and some talk was had between *Sengstock,* Martin Wege, and the plaintiff concerning a lease of a portion of the Wege premises, which should include the site of the old dance hall upon which the proposed dance hall was to be erected. It appears that the plaintiff consented to lease a site sufficient for the erection of the dance hall.

It is the contention of the plaintiff that she agreed to lease only the land actually covered by the proposed dance hall. The defendants contend that she agreed to lease a considerably larger piece of land to enable them to have parking space for the patrons of the dance hall. The evidence bearing upon this will be discussed hereafter.

The defendants immediately commenced the construction of their dance hall. July 24th the partners, including Martin Wege, went to a lawyer's office in Clintonville for the purpose of having a lease prepared. The plaintiff, *Mrs. Wege,* did not accompany them. The lawyer prepared a ninety-nine-year lease, complete in all its terms except the description of the premises leased. It had not occurred to the defendants that it would be necessary to describe the lands to be covered by the lease, and they were unable to furnish the attorney with the description of the land. They signed the lease in that form and left it with him. It was understood that they would furnish the lawyer with a description of the premises and that *Mrs. Wege* would come

in later and sign the lease. On August 9th *Mrs. Wege* called at the lawyer's office and signed the lease. He explained to her that the description had not yet been furnished him, but that he would insert it as soon as it was provided. One copy of the lease in its then form was delivered to the plaintiff, she agreeing to bring it back to have the description inserted when the measurement should be obtained. The other copy was retained by the lawyer to be delivered to the defendants when the description should be furnished. The next day plaintiff saw the defendant *Boehm* and her husband measuring on her premises. As she observed that they were measuring more land than that covered by the dance hall, she went out and informed them that they did not need to measure any more than the land upon which the dance hall stood. She said: "Go and measure the building and you will know what you get." Nothing further was done in the way of measuring or ascertaining any description of the premises.

Defendants continued with the erection of their dance hall. The parties did not arrive at any more definite agreement concerning the amount of land which was to be covered by the lease. Later one of the defendants called at the office of the attorney at Clintonville, obtained a copy of the lease then in his possession, inserted an arbitrary description of land therein, and on the 14th day of August filed said lease in the office of the register of deeds of Shawano county.

On the 16th day of August, 1922, plaintiff brought this action, praying that the defendants "be perpetually enjoined and restrained from taking possession of or attempting to take possession of said premises or from further proceeding with the construction and erection of said building and from entering upon said premises without permission from the plaintiff and from in any manner interfering with the use and occupation of said premises by the plaintiff;" and further praying that "said pretended lease be canceled and de-

clared null and void, and that the plaintiff recover the costs of this action and have such other and further relief as may be just and equitable." Plaintiff in her complaint alleged that she "is ready and willing to repay the defendants for their reasonable expenses incurred for materials and labor in the construction of said building as far as the same is now constructed and has so informed the defendants and offered to do so."

The defendants counterclaimed, alleging an agreement between them and the plaintiff on the 27th day of July, 1922, wherein plaintiff agreed to lease to the defendants a specific piece of land, describing the same; alleged the preparation of the lease at the lawyer's office, as before stated, and demanded judgment dismissing plaintiff's complaint; for specific performance of the agreement on the part of the plaintiff; for a reformation of the lease as recorded; and for such further relief as they may be entitled.

The case was tried by the court. Findings of fact were made wherein it was found that the lease was executed as herein stated, containing no description of the premises. The court then found the description of the premises which the plaintiff had agreed to lease, and which it was intended by the parties that the lease should cover, the same being a piece of land 176 feet long and 175 feet wide, out of plaintiff's one and one-half acres of land in said village of Pella, and judgment was entered reforming the lease filed in the office of the register of deeds of Shawano county so that the description of the premises therein should conform to the description of the premises which the court found the plaintiff had agreed to lease. From that judgment the plaintiff brings this appeal.

For the appellant there was a brief by *Dillett & Fischer* of Shawano, attorneys, and *Fairchild, North, Parker & Bie* of Green Bay, of counsel, and oral argument by *C. F. Dillett* and *J. R. North*.

For the respondents there was a brief by *Winter & Win-*

*ter* of Shawano and *Llewellyn Cole* of Clintonville, and oral argument by *Mr. P. J. Winter* and *Mr. Cole.*

OWEN, J.   The only evidence upon which the judgment may rest is that of *Henry Sengstock,* one of the defendants, who testified:

"When I had the interview with the Weges they asked me how much ground we wanted to take and I said we ought to have about that tree, she saw me point.   And then I said, 'About to that tree.'   They seemed to think that would be all right.   They said it shouldn't take in the orchard."

And in his deposition taken under sec. 4096, Stats., the same witness testified as follows:

"Martin Wege asked about how much ground we wanted for a bowery.   I pointed to a certain point and said, 'We ought to have to about up to there, that would kinda line up to the orchard.'   I didn't measure it or anything.   We were standing about two to four rods from the point.   We didn't step over and see how it would line up.   I should judge it would come about to the orchard.   I didn't consider the small trees a part of the orchard.   Nothing was said at that time about the orchard.   I simply told them that we ought to have to about there, pointing to that site.   Really nothing said about the orchard.   The word 'orchard' was mentioned by me.   I said, 'About to that point, that would perhaps strike on the opposite side of the orchard,' about those words or words to that effect anyway.   That is the language as near as I can remember it."

Although this testimony was denied by *Mrs. Wege,* her husband, and two daughters, if it be accepted as a verity it does not establish a meeting of the minds of the parties upon any definite piece of land.   The phrase, "about to that point," or "about to that tree," is not definite.   It is merely a tentative suggestion.   Neither the direction nor the distance from "about to that point" or "about to that tree" was even mentioned.   Numerous descriptions would

respond to this suggestion, as well as the one the court found. It can be construed as nothing more than a tentative suggestion on the part of the defendant *Sengstock* with which the plaintiff agreed in general, but which certainly contemplated subsequent definite measurements. We cannot construe this testimony, when taken with all of the other testimony in the case, which at most has little bearing upon the question, as establishing a meeting of the minds of the parties upon any definite piece of land. It does not furnish a basis for a judgment either of specific performance or of reformation. The judgment must therefore be reversed. The lease which the defendants filed in the office of the register of deeds should be canceled and set aside. The defendants will be entitled to a lease of the premises upon which the dance hall actually stands, if they so desire. If they do not so desire, the plaintiff should be required to "pay to the defendants their reasonable expenses incurred for materials and labor in the construction of said building," so far as it had been constructed at the time of the commencement of the action, in accordance with the offer contained in her complaint. To ascertain this amount there should be a retrial, as the parties refrained from introducing evidence upon this question at the suggestion of the court.

*By the Court.*—The judgment appealed from is reversed. Within thirty days after the filing of the *remittitur* herein with the clerk of the circuit court, the defendants will serve and file their election to take judgment compelling the plaintiff to execute a lease of the premises actually occupied by the dance hall, or to permit a judgment to be entered canceling the lease filed in the office of the register of deeds of Shawano county upon payment by plaintiff to the defendants of their reasonable expenses incurred for materials and labor in the construction of said building, so far as it had been constructed at the time of the commencement of the action, and for further proceedings in accordance with this opinion.